O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

TIEN NGUYET TANG
HUYNH,

              Plaintiff,

      vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

              Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 10-6448 RNB

ORDER REVERSING DECISION OF
COMMISSIONER AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS

      The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

      1.      <u>The Court is unable to affirm the adverse credibility determination by the Administrative Law Judge ("ALJ").</u>

      The first disputed issue is directed to the ALJ's rejection of plaintiff's

---

[1]     As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

1  subjective symptom testimony.

2      As a preliminary matter, the Court notes that it is unclear from the
3  Commissioner's portion of the Joint Stipulation whether the Commissioner is
4  applying the correct standard of review to the ALJ's adverse credibility
5  determination.  The law is well established in the Ninth Circuit that, where the
6  claimant has produced objective medical evidence of an impairment or impairments
7  that could reasonably be expected to produce some degree of pain and/or other
8  symptoms, and the record is devoid of any affirmative evidence of malingering, the
9  ALJ may reject the claimant's testimony regarding the severity of the claimant's pain
10 and/or other symptoms only if the ALJ makes specific findings stating clear and
11 convincing reasons for doing so.  See, e.g., Smolen v. Chater, 80 F.3d 1273, 1281
12 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v.
13 Sullivan, 947 F.2d 341, 343 (9th Cir. 1991); Cotton v. Bowen, 799 F.2d 1403, 1407
14 (9th Cir. 1986).

15     Here, after summarizing plaintiff's subjective symptoms, the ALJ expressly
16 found as follows: "After considering the evidence of record, I find that the claimant's
17 medically determinable impairments could reasonably be expected to produce the
18 alleged symptoms."  (See AR 17.)  Since the ALJ did not find that the record here
19 contained any affirmative evidence of malingering, the issue before the Court is
20 whether the ALJ provided reasons for his adverse credibility determination that
21 satisfy the "clear and convincing" standard set forth above.

22     The Commissioner disputes that plaintiff's declination of chemotherapy for her
23 cancer was the basis for the ALJ's credibility finding, calling that contention a "red
24 herring" based on the evidence of record that plaintiff had not tested positive of
25 cancer since her December 2003 surgery, and that her surgeon and oncologist had
26 opined that she did not have any functional limitations from her cancer that lasted or
27 were expected to last for 12 months or more.  (See Jt Stip at 5.)  However, the ALJ
28 did state, "In summary, the claimant is not fully credible, **primarily** because she

2

1  refuses several treatment options." (See AR 19 (emphasis added).) The treatment

2  options to which the ALJ was referring were (a) a hysterectomy to address plaintiff's

3  uterine fibroids, and (b) chemotherapy for her cancer. (See AR 18.) Based on the

4  same evidence cited by the Commissioner in support of his "red herring" contention,

5  the Court finds that, insofar as the ALJ was referring to plaintiff's declination of

6  chemotherapy, the ALJ's "primary" reason for not crediting plaintiff's subjective

7  testimony does not satisfy the "clear and convincing" standard. As for plaintiff's

8  declination of the hysterectomy recommendation, the Court notes that the same

9  medical records cited by the ALJ regarding this issue evidence that the reason for

10  plaintiff's declination was that her oncologist had recommended against the surgery.

11  (See AR 665, 666.) Accordingly, the Court further finds that, insofar as the ALJ was

12  referring to plaintiff's declination of the hysterectomy recommendation, the ALJ's

13  "primary" reason for not crediting plaintiff's subjective testimony also does not

14  satisfy the "clear and convincing" standard.

15        To the extent that the ALJ was basing his adverse credibility determination on

16  plaintiff's testimony regarding her daily activities (see AR 17), the Court notes that

17  "the mere fact that a plaintiff has carried on certain daily activities, such as grocery

18  shopping, driving a car, or limited walking for exercise, does not in any way detract

19  from her credibility as to her overall disability. One does not need to be 'utterly

20  incapacitated' in order to be disabled." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th

21  Cir. 2001): see also, e.g., Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) ("The

22  Social Security Act does not require that claimants be utterly incapacitated to be

23  eligible for benefits, . . . and many home activities are not easily transferable to what

24  may be the more grueling environment of the workplace, where it might be

25  impossible to periodically rest or take medication."). The Ninth Circuit also has held

26  that daily activities may not be relied upon to support an adverse credibility

27  determination unless the ALJ makes an explicit finding to the effect that plaintiff's

28  ability to perform those activities translated into the ability to perform appropriate

1   work activities on an ongoing and daily basis.  See Gonzalez v. Sullivan, 914 F.3d
2   1197, 1201 (9th Cir. 1990).  Here, the ALJ made no such explicit finding.  Moreover,
3   as the ALJ acknowledged, plaintiff also testified that, if she has a "bad day," she has
4   to rest for about an hour and a half before going back to her chores, and she estimated
5   that she has three or four "bad days" per week.  (See AR 17, 47, 49.)  Thus, even if
6   the ALJ had made an explicit finding that plaintiff's ability to perform daily activities
7   translated into the ability to perform appropriate work activities on an ongoing and
8   daily basis, the Court would have been compelled to find that such finding was not
9   supported by plaintiff's testimony.  For the foregoing reasons, the Court finds that
10  plaintiff's testimony about her daily activities does not constitute a "clear and
11  convincing" reason for rejecting her subjective symptom testimony.

12          For the reasons stated by plaintiff (see Jt Stip at 12-13), the Court finds that
13  plaintiff's abbreviated testimony about applying for jobs also does not constitute a
14  "clear and convincing" reason for rejecting her subjective symptom testimony.

15          Further, the Court concurs with plaintiff that the fact she managed to go on a
16  two-day Mexican cruise also does not constitute a "clear and convincing" reason for
17  rejecting her subjective symptom testimony.

18          Finally, it is inexplicable to the Court why, with knowledge that just a couple
19  of months earlier one of plaintiff's treating physicians had opined that systemic lupus
20  erythematosus (SLE) needed to be ruled out and that plaintiff had an upcoming
21  appointment with a rheumatologist (see AR 15), the ALJ rejected plaintiff's
22  subjective symptom testimony without waiting for the results of the rheumatology
23  examination.  The law is well established in this Circuit that the ALJ has a special
24  duty in social security cases "to fully and fairly develop the record and to assure the
25  claimant's interests are considered." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.
26  1983). "This duty exists even when the claimant is represented by counsel." Id. The
27  ALJ's failure to fulfill this duty here is another reason why the Court is unable to
28  affirm the ALJ's adverse credibility determination.

1          2.      The Court is unable to affirm the ALJ's rejection of the opinions of Drs.

2                  Li and Hu.

3          The second disputed issue is directed to the ALJ rejection of the opinions of

4   two of plaintiff's physicians, Drs. Li and Hu.

5          As the ALJ acknowledged, if the opinion of Dr. Li, as reflected on the medical

6   questionnaire form that Dr. Li completed on August 4, 2008 (see AR 688-91), were

7   credited, plaintiff would be unable to work full time and would be unable to perform

8   her past relevant work.  (See AR 18.)  The ALJ's stated rationale for not according

9   Dr. Li's opinion "enhanced weight" was that he had only found documentation in the

10  medical records that Dr. Li had once written a prescription for plaintiff (citing AR

11  234), and no evidence that Dr. Li had ever examined her; that Dr. Li's assessment

12  therefore was "apparently" based on her review of the medical record; and that the

13  ALJ accordingly found that Dr. Li had failed to "demonstrate such an intimate

14  familiarity with the claimant that her opinion would be entitled to enhanced weight."

15  (See id.)  The ALJ also gave as a reason for not accepting Dr. Li's opinion that Dr.

16  Li had relied on a condition (right breast pain) which the ALJ found was not

17  established as a medically determinable impairment.

18         The Court's review of the medical record reveals that the ALJ overlooked the

19  following medical records: an examination report signed by Dr. Li on October 13,

20  2006, the same date as the prescription cited by the ALJ (see AR 235); another

21  examination report signed by Dr. Li on October 27, 2006 (see AR 230); another

22  prescription signed by Dr. Li on October 27, 2006 (see AR 226); another examination

23  report signed by Dr. Li on April 27, 2007 (see AR 590); and a referral to LAC-USC

24  Medical Center signed by Dr. Li on April 27, 2007 (see AR 591).  In light of these

25  additional records evidencing that Dr. Li indeed had examined plaintiff and

26  contradicting the ALJ's conclusion that Dr. Li's assessment was based solely on her

27  review of the medical record, the Court is compelled to find that the ALJ erred in his

28  consideration of Dr. Li's opinion.

1    The ALJ did not question Dr. Hu's status as a treating physician.  Moreover,

2  the ALJ acknowledged that, if the opinion of Dr. Hu, as reflected on the medical

3  questionnaire form that Dr. Li completed on July 16, 2008 (see AR 684-87), were

4  credited, plaintiff could work full time, but could not perform the sitting customarily

5  required by her past relevant work. (See AR 18.)  Thus, the ALJ's determination that

6  plaintiff was not disabled at Step four of the Commissioner's sequential evaluation

7  process was predicated on the ALJ's rejection of Dr. Hu's July 16, 2008 opinion.

8    The law is well established in the Ninth Circuit that a treating physician's

9  opinions are entitled to special weight because a treating physician is employed to

10  cure and has a greater opportunity to know and observe the patient as an individual.

11  See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).  "The treating

12  physician's opinion is not, however, necessarily conclusive as to either a physical

13  condition or the ultimate issue of disability."  Magallanes v. Bowen, 881 F.2d 747,

14  751 (9th Cir. 1989).  The weight given a treating physician's opinion depends on

15  whether it is supported by sufficient medical data and is consistent with other

16  evidence in the record.  See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  If the

17  treating physician's opinion is uncontroverted by another doctor, it may be rejected

18  only for "clear and convincing" reasons.  See Lester v. Chater, 81 F.3d 821, 830 (9th

19  Cir. 1996); Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991).  Where the

20  treating physician's opinion is controverted, it may be rejected only if the ALJ makes

21  findings setting forth specific and legitimate reasons that are based on the substantial

22  evidence of record.  See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)

23  ("A treating physician's opinion on disability, even if controverted, can be rejected

24  only with specific and legitimate reasons supported by substantial evidence in the

25  record."); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th

26  Cir. 1987).

27    Here, the ALJ's stated rationale for not accepting Dr. Hu's opinion was that it

28  was inconsistent with his clinical notes, and specifically (a) Dr. Hu's statement on

1  October 3, 2006 that, with respect to her history of breast cancer and ovarian cysts,

2  plaintiff was "currently asymptomatic," and (b) Dr. Hu's description of plaintiff on

3  January 23, 2007 as well nourished and developed, and in no acute distress. (See AR

4  18, 427, 429.)[2]

5       The Court concurs with the Commissioner that a contradiction between a

6  treating physician's opinion and his treatment notes constitutes a specific and

7  legitimate reason for rejecting the treating physician's opinion. See, e.g., Valentine

8  v. Comm'r of Social Sec. Admin., 574 F.3d 685, 692-93 (9th Cir. 2009); Bayliss v.

9  Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (contradiction between treating

10 physician's assessment and clinical notes justifies rejection of assessment); Johnson

11 v. Shalala, 60 F.3d 1428, 1433 (9th Cir. 1995) (holding that contradiction between

12 doctor's treatment notes and finding of disability was valid reason to reject treating

13 physician's opinion).  However, given the ALJ's finding that plaintiff suffered from

14 multiple medically determinable impairments that were not limited to her history of

15 left breast cancer and ovarian cysts (see AR 14-15) and the ALJ's further finding that

16 plaintiff's medically determinable impairments could reasonably be expected to

17 produce her alleged subjective symptoms (see AR 17), the Court finds that there was

18 no contradiction between Dr. Hu's October 3, 2006 statement and his July 16, 2008

19 opinion as to plaintiff's functional limitations.  Further, the Court finds that the fact

20 that plaintiff presented on January 23, 2007 as well nourished and developed, and in

21 no acute distress, does not constitute a specific and legitimate reason for rejecting Dr.

22 Hu's July 16, 2008 opinion as to plaintiff's functional limitations.

23

24

25       [2]    In determining whether the ALJ erred in his consideration of Dr. Hu's

26 opinion, the Court is confined to the reason(s) actually given by the ALJ.    See

27 Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Ceguerra v. Sec'y of Health
   & Human Svcs., 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate

28 an agency's decision only on the grounds articulated by the agency.").

**CONCLUSION AND ORDER**

1

2    The law is well established that the decision whether to remand for further

3  proceedings or simply to award benefits is within the discretion of the Court.  See,

4  e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at

5  603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).  Remand is warranted

6  where additional administrative proceedings could remedy defects in the decision.

7  See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at

8  635.  Remand for the payment of benefits is appropriate where no useful purpose

9  would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d

10  525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v.

11  Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily

12  delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

13    Weighing in favor of a remand for further administrative proceedings here is

14  the fact that this is not an instance where no useful purpose would be served by

15  further administrative proceedings.  Rather, additional administrative proceedings

16  conceivably could remedy the defects in the ALJ's decision.

17    The Court is mindful of Ninth Circuit case authority holding that "the district

18  court should credit evidence that was rejected during the administrative process and

19  remand for an immediate award of benefits if (1) the ALJ failed to provide legally

20  sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that

21  must be resolved before a determination of disability can be made; and (3) it is clear

22  from the record that the ALJ would be required to find the claimant disabled were

23  such evidence credited."  See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004);

24  see also, e.g., Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S.

25  1038 (2000)[3]; Smolen, 80 F.3d at 1292; Varney v. Secretary of Health & Human

26

27    [3]    In Harman, the Ninth Circuit noted that this three-part test "really

28  (continued...)

1   <u>Servs.</u>, 859 F.2d 1396, 1399-1401 (9th Cir. 1988).   Under the foregoing case

2   authority, when this test is met, the Court will take the improperly discredited

3   testimony as true and not remand solely to allow the ALJ another opportunity to make

4   specific findings regarding that testimony.  This rule applies not only to a claimant's

5   improperly discredited excess pain and other subjective symptom testimony, but also

6   to lay witnesses' improperly discredited testimony, and to improperly discredited

7   opinions of a treating or examining physician.  However, in <u>Connett</u>, 340 F.3d at 876,

8   the panel held that the "crediting as true" doctrine was not mandatory in the Ninth

9   Circuit.   There, the Ninth Circuit remanded for reconsideration of the claimant's

10  credibility where the record contained insufficient findings as to whether the

11  claimant's testimony should be credited as true.  <u>See id.</u>

12      Based on its review and consideration of the entire record, the Court has

13  concluded on balance that a remand for further administrative proceedings pursuant

14  to sentence four of 42 U.S.C. § 405(g) is warranted here.   Accordingly, IT IS

15  HEREBY ORDERED that Judgment be entered reversing the decision of the

16  Commissioner of Social Security and remanding this matter for further administrative

17  proceedings.[4]

18

19  DATED: <u>April 15, 2011</u>

20

21  _____

22  ROBERT N. BLOCK
    UNITED STATES MAGISTRATE JUDGE

23

24

25      [3](...continued)

26  constitutes a two part inquiry, wherein the third prong is a subcategory of the

27  second."  <u>Harman</u>, 211 F.3d at 1178 n.7.

28      [4]      It is not the Court's intent to limit the scope of the remand.